**STUBBS ALDERTON & MARKILES, LLP**
Daniel A. Rozansky (SBN 161647)
*drozansky@stubbsalderton.com*
John De La Merced (SBN 303060)
*jdelamerced@stubbsalderton.com*
Renee M. Moulton (SBN 353065)
*rmoulton@stubbsalderton.com*
15260 Ventura Blvd., 20th Floor
Sherman Oaks, California 91403
Telephone: (818) 444-4548
Facsimile: (818) 444-6352

Attorneys for Plaintiff
U.S. LEGAL SUPPORT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

|  |  |
|---|---|
| U.S. LEGAL SUPPORT, INC., a Texas Corporation, | Case No.: 5:25-cv-00218-SSS-SPx |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | |
| MICHELLE BEVERLY, an individual; DEPOSITION SOLUTIONS LLC d/b/a LEXITAS, a Texas Limited Liability Company; and DOES 1 to 25, inclusive, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | Judge: Hon. Sunshine Suzanne Sykes<br>Magistrate Judge: Hon. Sheri Pym |

The Parties, through their undersigned counsel of record, and subject to the Court's approval, hereby stipulate to the entry of a Protective Order in this action as follows:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Parties hereby stipulate to, and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

A Party's designation of information as protected material constitutes a representation that such materials have been reviewed by Counsel and there is a good faith basis for such designation. Nothing in this Protective Order shall be construed as limiting a Party's use of its own Highly Confidential or Confidential information.

2. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer pricing lists, and other valuable financial proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices.

Specifically, good cause exists to designate certain documents as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" where a Designating Party and/or its counsel may have a good faith belief that the documents contain information that is among the most sensitive by the party, including but not limited to

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

trade secret or other confidential research, development, financial or other commercial information, and that such information must be shielded from anyone within a competitor company, including in-house counsel, who might be involved in "competitive decision-making" for the competitor company. *See U.S. Steel Corp v. U.S.*, 730 F.2d 1465, 1468 (Fed Cir. 1984); *see also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (1992).

Additionally, good cause also exists to designate certain documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" where a Designating Party and/or its counsel may have a good faith belief that the documents contain information that is also among the most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information, but may not require the additional protections afforded for documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

Finally, good cause exists to designate certain documents as "CONFIDENTIAL" where a Designating Party and/or its counsel may have a good faith belief that the unrestricted disclosure of such information in the documents could be potentially prejudicial to the business or operations of the party.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The Parties further acknowledge, as set forth in Section 14.3, below, that this Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc*., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as HIGHLY CONFIDENTIAL or CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. <u>DEFINITIONS</u>

a. **"Acknowledgement"** refers to the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A.

b. **"Action"** means the above-entitled proceeding, Case No. 5:25-cv-00218-SSS-SP.

c. **"Challenging Party"** means a Party or Non-Party challenging the designation of Information or items under this Protective Order.

d. **"CONFIDENTIAL" Information** means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause section.

e. **"HIGHLY CONFIDENTIAL" Information** means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure26(c), and as specified above in the Good Cause section, which may be designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

f. **"Designating Party"** means any Party or Non-Party disclosing or producing Protected Material in connection with this Action and marking such material as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL."

g. **"Disclosure or Discovery Material"** means all items of Information regardless of the medium or manner (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

h. **"Expert"** shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action but is not an employee of any Party to this Action.

i. **"Final Disposition"** shall mean the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

j. **"Information"** means the content of documents or testimony, including individual records, and associated metadata, whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as record within a database, archive, or container file, including but not limited to emails, messages, Microsoft Word documents, digital presentations, spreadsheets, and database content.

k. **"In House Counsel"** means attorneys who are employees of a Party to this Action. In House Counsel does not include Outside Counsel of Record or any other outside counsel.

l. **"Non-Party"** means any natural person, business entity, or other legal entity not named as a party to this Action.

m. **"Outside Counsel of Record"** means attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20ᵀᴴ FLOOR
SHERMAN OAKS, CALIFORNIA 91403

appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

n. **"Party"** means any party to this Action.

o. **"Protected Material"** means any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL."

p. **"Protective Order"** means this Stipulated Protective Order.

q. **"Receiving Party"** shall refer to any Party or Non-Party that receives Protected Material.

r. **"Testimony"** means all depositions, declarations, or other testimony taken or used in this Action.

5. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material, as defined above, but also (1) and information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.  This Protective Order does not govern the use of Protected Material at trial.

6. <u>DURATION</u>

Even after final disposition of the Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

7. <u>DESIGNATING PROTECTED MATERIAL</u>

a. <u>Exercise of Restraint and Care in Designating Material for Protection</u>

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation or amend same as appropriate.

b. <u>Manner and Timing of Designations</u>

Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, a Disclosing Party producing documents or information that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(i) <u>For information in documentary form:</u> (e.g., paper or electronic documents, but excluding deposition transcripts or other pretrial proceedings): The Designating Party affix, at a minimum, the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

or "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion of the material on a document page qualifies for protection, the Designating Party must also clearly identify the protected portion(s) (e.g. by making appropriate markings, such as highlighting).

(ii)    <u>For testimony given in the court of the Action</u>: The Designating Party shall identify on the record, before the close of the relevant proceeding, all protected testimony and specify the level of protection being asserted.

A Party shall give the other Parties a minimum of 2 business days' written notice if they reasonably expect any proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the Acknowledgment are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.  If it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the proceeding is concluded), a right to take up to 21 days to identify the specific portions of the testimony to be designated as Protected Material.  Only those portions of the testimony that are appropriately designated for protection within the allotted time shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, during the proceeding or in the allotted time following the proceeding (if requested), the entire transcript shall be treated as Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page stating that the transcript contains Protected Material, and the title page shall be followed by a list of all pages

STIPULATED PROTECTIVE ORDER

(including line numbers, as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Unless otherwise agreed in writing, any transcript that is prepared before the expiration of the 21-day period described above shall be treated during that period as if has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" in its entirety. After the expiration of that period, the transcript shall be treated only as actually designated.

(iii)    For information produced in some form other than documentary and for any other tangible items: The Designating Party shall affix in a prominent place on the exterior of the container(s) in which the item or information is stored the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL." If only a portion of the information or items warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(iv)    Inadvertent failure to designate: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection for such information under this Protective Order. Upon timely correction of designation, the Receiving Party must make reasonable efforts to ensure the information is treated in accordance with the provisions of this Protective Order.

8.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

a.  Timing of Challenges

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

b. <u>Meet and Confer</u>

The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

c. <u>Joint Stipulation</u>

Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

The burden of persuasion in any such challenge shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

a. <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" Information or Items.</u>   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20ᵀᴴ FLOOR
SHERMAN OAKS, CALIFORNIA 91403

any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" only to:

  i.   The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in this Action;

  ii.  Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment attached as Exhibit A hereto;

  iii. The Court and its personnel;

  iv.  Court reporters providing reporting services in this Action;

  v.   During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the Acknowledgement attached as Exhibit A hereto; and (2) they will not be permitted to keep any HIGHLY CONFIDENTIAL information unless they sign the Acknowledgment (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

  vi.  Any mediators or settlement officers and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

b. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.</u> Unless otherwise ordered by the Court or permitted in

STIPULATED PROTECTIVE ORDER

writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

i. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in this Action;

ii. The Receiving Party's In House Counsel to whom disclosure is reasonably necessary;

iii. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment attached as Exhibit A hereto;

iv. The Court and its personnel;

v. Court reporters providing reporting services in this Action;

vi. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgement attached as Exhibit A hereto; and (2) they will not be permitted to keep any HIGHLY CONFIDENTIAL information unless they sign the Acknowledgment (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

vii. Any mediators or settlement officers and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

c. <u>Procedures for Approving or Objecting to Disclosure of Highly Confidential Materials to Experts</u>. Unless ordered by the Court or agreed to in writing by the Designating Party, Counsel that seeks to Disclose any HIGHLY CONFIDENTIAL Materials to an Expert must first make a written request (by email or overnight mail) to the Designating Party that (i) identifies the general categories of HIGHLY CONFIDENTIAL Materials that the Receiving Party seeks permission to disclose to the Expert, (ii) sets forth the general capacity of the person to whom the disclosure is intended to be made (e.g. "Expert").

d. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information in this Action;

ii. The Receiving Party's officers, directors, and employees (including, but not limited to, In House Counsel) to whom disclosure is reasonably necessary for this action;

iii. Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment attached as Exhibit A hereto;

iv. The Parties;

v. The Court and its personnel;

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

vi.  Court reporters providing reporting services in this Action;

vii.  During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgement attached as Exhibit A hereto; and (2) they will not be permitted to keep any CONFIDENTIAL information unless they sign the Acknowledgment (Exhibit A), unless otherwise agreed by the Designating Party, or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

viii.  Any mediators or settlement officers and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

For the avoidance of doubt, the written request described herein does not constitute and shall not be construed or interpreted as a demand for expert information under Federal Rules of Civil Procedure Rule 26(a)(2).

A Receiving Party that makes a request and provides the information pursuant to this Section may Disclose the subject Protected Material to the identified person five (5) days after sending the written request, unless the Receiving Party receives a written objection from the Designating Party.  Any such objection must (i) be sent by email or overnight mail and (ii) set forth in detail the grounds on which it is based.  A Receiving Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five (5) days of service of the written objection.  If no agreement is reached, the Receiving Party seeking to make the Disclosure to the Expert may file a noticed motion or *ex parte* application as necessary seeking permission from the Court to do so.  In any such

proceeding, the Receiving Party opposing Disclosure to the Expert shall bear the burden of proving that the risk of harm that the Disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to Disclose the Protected Material.

A Party who has not previously objected to Disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is Disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

The restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) the Parties agree should not be designated HIGHLY CONFIDENTIAL or CONFIDENTIAL information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than a result of disclosure by the Receiving Party, its employees, or agents in violation of this Protective Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party. Prior knowledge must be established by pre-production documentation.

   10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this Action as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL," that Party must:

a. Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

a. The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's HIGHLY CONFIDENTIAL or CONFIDENTIAL information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's HIGHLY CONFIDENTIAL or CONFIDENTIAL information, then the Party shall:

   i. Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   ii. Promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   iii. Make the information requested available for inspection by the Non-Party, if requested.

c. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's CONFIDENTIAL Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any Information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to

Stubbs Alderton & Markles, LLP
15260 Ventura Blvd.
20th Floor
Sherman Oaks, California 91403

whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Pursuant to Rule 502(b) of the Federal Rules of Evidence, a disclosure of material subject to a claim of privilege or other protection will not operate as a waiver in this or any other federal or state proceeding if the disclosure is inadvertent, the holder of the privilege or protection took reasonable steps to prevent disclosure; and the holder promptly took reasonable steps to rectify the error as detailed in this Paragraph.

14. <u>MISCELLANEOUS</u>

a. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

c. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15. <u>FINAL DISPOSITION</u>

After the Final Disposition of this Action, as defined in paragraph 3, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Designating Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all discovery documents including, but not limited to, documents produced, pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5.

16.  <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 20, 2025          **STUBBS ALDERTON & MARKILES, LLP**

By:___*/s/ John R. De La Merced*_____
Daniel A. Rozansky
John R. De La Merced
Renee M. Moulton

Attorneys for Plaintiff
U.S. LEGAL SUPPORT, INC.

Dated: March 20, 2025          **JACKSON LEWIS P.C.**

By:____*/s/ Gabriel N. Rubin*_____
Janelle J. Sahouria
Gabriel N. Rubin
Kelsey F. Morris

Attorneys for Plaintiff
MICHELLE BEVERLY; DEPOSITION
SOLUTIONS LLC d/b/a LEXITAS

<u>**ORDER**</u>

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: March 25, 2025

_____
SHERI PYM
United States Magistrate Judge

STUBBS ALDERTON & MARKILES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403

# **EXHIBIT A**

## **ACKNOWLEDGMENT TO BE BOUND RE: RECEIPT OF HIGHLY CONFIDENTIAL AND CONFIDENTIAL PROTECTED MATERIAL**

I, _____, declare:

1. I am _____ (position and employer).
2. I have received a copy of the Stipulated Protective Order ("Order") in this Action, Case Number 5:25-cv-00218-SSS-SP.
3. I have carefully read and understand the provisions of this Order and I agree to abide by its terms.
4. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use for purposes other than for this Action any materials designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such material designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Order.
5. I agree that at the conclusion of the Action, I will return all Protected Material to the party or attorney from whom I received it.
6. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Order.
7. I understand that disclosure of materials designated "Confidential" and "Highly Confidential" in violation of the Order may constitute contempt of court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____ (city, state).

DATED: _____    BY: _____

                                  Signature _____

                                  Title _____

                                  Address _____

                                  City, State, Zip Code _____

                                  Telephone _____

STIPULATED PROTECTIVE ORDER

STUBBS ALDERTON & MARKLES, LLP
15260 VENTURA BLVD.
20TH FLOOR
SHERMAN OAKS, CALIFORNIA 91403